USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/3/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ELSA RAMOS,

               Plaintiff,

  -against-

MILLENNIUM PARTNERS SPORTS CLUB MANAGEMENT, LLC,

               Defendant.

------------------------------------------------------------X

ORDER TO AMEND

12 Civ. 1311 (LAP)

LORETTA A. PRESKA, Chief United States District Judge:

    The Plaintiff, appearing *pro se*, brings this employment discrimination action alleging general retaliation for her complaints. The Court further directs Plaintiff to submit an Amended Complaint within sixty days of the date of this Order as detailed below.

## STANDARD OF REVIEW

    The Court has the authority to screen *sua sponte* an *in forma pauperis* complaint at any time and must dismiss the complaint, or portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1988). While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

## BACKGROUND

    The Plaintiff alleges that, in retaliation for her complaints, she suffered unequal conditions of employment and she was ultimately terminated. (Compl. at 2–3.)

## DISCUSSION

A.   Rule 8 Pleading Requirements

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1) requires that each allegation be "simple, concise, and direct." In a recent clarification of Rule 8's pleading standard, the United States Supreme Court held that:

> a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusion or a formulaic recitation of elements of a cause of action will not do." Id. at 1949. This plausibility standard applies to all civil actions. Id. at 1953.

With respect to pleadings in employment discrimination cases, the Supreme Court's decision in Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-12 (2002), specified that "the ordinary rules for assessing the sufficiency of a complaint apply." Swierkiewicz, 534 U.S. at 511; see also Williams v. N.Y. City Hous. Auth., 458 F.3d 67, 72 (2d Cir. 2006) (applying Swierkiewicz to retaliation claims); Leibowitz v. Cornell Univ., 445 F.3d 586, 591 (2d Cir. 2006) (applying Swierkiewicz to discrimination claims under Title VII). Therefore, to plead a claim of retaliation, a plaintiff must allege facts that permit the court to draw a reasonable inference that: "(1) that [s]he engaged in protected participation or opposition under Title VII [or the ADEA], (2) that the employer was aware of this activity, (3) that the employer took adverse action against the plaintiff, and (4) that a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action." Kessler v. Westchester County Dep't of Soc. Svcs., 461 F.3d 199, 205–06 (2d Cir. 2006) (quoting Cifra v. Gen. Electric Co., 252 F.3d 205, 216 (2d Cir. 2001)). A

plaintiff's complaints are "protected" under Title VII when she complains about prohibited employment discrimination. 42 U.S.C. § 2000e-3(a); Cifra, 252 F.3d at 216.

The Plaintiff's allegations are insufficient to state a plausible claim of retaliation. The Plaintiff's statement of claim reads, in its entirety: "My case is base[d] on retaliation, for my complaints, due to harassment for other co-workers." This allegation does not contain enough detail to state a plausible claim that the Defendant unlawfully retaliated against the Plaintiff. Therefore, in light of the Plaintiff's *pro se* status, she is directed to submit an Amended Complaint explaining facts supporting her claim that the Defendant retaliated against her for opposing prohibited employment discrimination.

B.   Leave to Amend

The Plaintiff is granted leave to amend her Complaint to detail her retaliation claim as set forth above. The Amended Complaint should allege facts suggesting that it is plausible that:

(1)   the Plaintiff complained about illegal employment discrimination;

(2)   the Defendant was aware of the Plaintiff's complaints;

(3)   the Defendant took adverse action against the Plaintiff, such as threatening her or firing her; and

(4)   the Defendant took those adverse actions to retaliate against the Plaintiff for her complaints about employment discrimination.

The Plaintiff's Amended Complaint should include all the information necessary to make a short, plain statement that she is entitled to relief. The Amended Complaint will completely replace, not supplement, the original Complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket. The Plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) is granted. The Plaintiff is directed to file an Amended Complaint containing the information specified above. The Amended Complaint must be submitted to this Court's *Pro Se* Office within sixty days of the date of this Order, be captioned as an "**AMENDED COMPLAINT**," and bear docket number 12 Civ. 1311.

An Amended Complaint for Employment Discrimination form, which the Plaintiff should complete as specified above, is attached to this Order. No summons will issue at this time. If the Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

                                                LORETTA A. PRESKA  
                                              Chief United States District Judge

Dated: APR 03 2012  
       New York, New York

**Order Mailed By Docket Services**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant. Addresses should not be included here.)*

**AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

Jury Trial: ☐ Yes  ☐ No
*(check one)*

\_\_\_ Civ. _____ ( \_\_\_ )

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
**NOTE:** *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____  Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
**NOTE:** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

_____  Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
**NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____  New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

_____  New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

I. **Parties in this complaint:**

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name  _____
            Street Address  _____
            County, City  _____
            State & Zip Code  _____
            Telephone Number  _____

B. List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant   Name  _____
            Street Address  _____
            County, City  _____
            State & Zip Code  _____
            Telephone Number  _____

C. The address at which I sought employment or was employed by the defendant(s) is:

            Employer  _____
            Street Address  _____
            County, City  _____
            State & Zip Code  _____
            Telephone Number  _____

II. **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

   _____    Failure to hire me.

   _____    Termination of my employment.

   _____    Failure to promote me.

   _____    Failure to accommodate my disability.

   _____    Unequal terms and conditions of my employment.

   _____    Retaliation.

*Rev. 07/2007*                                2

  _____  Other acts *(specify)*: _____.

  *Note:* Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

B. It is my best recollection that the alleged discriminatory acts occurred on: _____.
                                     *Date(s)*

C. I believe that defendant(s) *(check one)*:

  _____  is still committing these acts against me.

  _____  is not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

  ☐ race _____  ☐ color _____

  ☐ gender/sex _____  ☐ religion_____

  ☐ national origin _____

  ☐ age. My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

  ☐ disability or perceived disability, _____ *(specify)*

E. The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____
_____

  *Note:* As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.

## III. Exhaustion of Federal Administrative Remedies:

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B. The Equal Employment Opportunity Commission *(check one)*:

|          | has not issued a Notice of Right to Sue letter. |
|----------|--------------------------------------------------|
| _____ | issued a Notice of Right to Sue letter, which I received on _____ (Date). |

*Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C. Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____ 60 days or more have elapsed.

_____ less than 60 days have elapsed.

## IV. Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _____, 20___.

Signature of Plaintiff _____

Address _____

_____

_____

_____

Telephone Number _____

Fax Number *(if you have one)* _____